The relief described hereinbelow is SO ORDERED.

Signed February 10, 2011.

_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

**In re:**

**KRISTA MICHELLE MARKLEY,**      Case No. 09-22122
    **Debtor.**      Chapter 7

**GRANT HARTWIG and
ADRIA SECORD,**
    **Plaintiffs,**

    **v.**      Adv. No. 10-06019

**KRISTA MICHELLE MARKLEY,**
    **Defendant.**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant's Motion to Dismiss the complaint objecting to discharge of a debt under 11 U.S.C. §523(a)(2) and (4) is before the Court.[1] Plaintiffs Grant Hartwig and Adria Secord seek to except from discharge approximately $80,000 and allege Defendant Debtor Krista Markley

---

[1] Doc. No. 9.

11.02.09 Hartwig v Markley Dismiss.wpd

fraudulently obtained and misappropriated funds they invested in her husband's business. Defendant's motion is granted because Plaintiffs fail to allege any misconduct by the Debtor.

## Background

Debtor filed for bankruptcy on July 6, 2009. Plaintiffs filed their complaint to determine dischargeability on February 19, 2010, after Debtor's case converted from Chapter 13 to Chapter 7. The Plaintiffs allege as follows. Plaintiffs with Debtor's husband, Todd Markley, owned a business called Success Meals of St. Louis, Inc., which was in the business of preparing and delivering nutritionally customized meals to clients' homes. Todd Markley was also the president, sole member of the board of directors, and sole shareholder of a similar business called Success Meals of Kansas City, Inc. Although Plaintiffs allege Debtor assisted her husband with the business, they do not allege in what capacity she assisted her husband other than being his spouse.

In 2005, the Markleys approached Plaintiffs about investing in a Success Meals venture in the St. Louis market. The Markleys allegedly represented the St. Louis-based business would make $500,000 in yearly profits. Plaintiffs allege the representations regarding the St. Louis venture's success were based on the performance of the Kansas City-based business. Plaintiffs invested $80,000 and received 40 per cent interest in the new company's stock. Plaintiffs do not allege what due diligence they performed before investing; however, they allege they would not have made the investment had they known the Kansas City company was not operating at a profit.

Success Meals of St. Louis operated from December 2005 to March 2008. Plaintiffs do not allege Debtor was a shareholder, an officer, or a director of their company. Plaintiffs do not

-2-
11.02.09 Hartwig v Markley Dismiss.wpd

Case 10-06019   Doc# 27   Filed 02/10/11   Page 2 of 8

allege Debtor was an employee. Debtor's schedules and statement of financial affairs state she was employed by *The Kansas City Star* full-time during the relevant period.

Plaintiffs allege Todd Markley and his father Jim Markley formed Diet Delivery, LLC, in 2009, which Plaintiffs allege was a mere continuation of Success Meals of Kansas City. Plaintiffs allege the Markleys and Diet Delivery misappropriated the assets of Success Meals of Kansas City and Success Meals of St. Louis and left the latter companies unable to pay their creditors or pay back their investors.

## Discussion

### A. Procedural Posture

Defendant filed what counsel called a motion to dismiss; however, the pleading contains a separate statement of facts, affidavits, and a brief in support. Plaintiffs responded as one would to a motion for summary judgment and requested additional time to conduct discovery.

A motion to dismiss may be converted into a motion for summary judgment if the court relies on material from outside the complaint.[2] The court has discretion in deciding whether to convert the motion by accepting or rejecting the attached documents.[3] This Court does not accept the additional materials and will not consider the evidentiary submissions. Only the sufficiency of Plaintiffs' complaint has been considered, and the complaint fails to state a claim for relief against Debtor.

### B. Motion to Dismiss Standard

In considering a motion to dismiss, the Court accepts all well-pleaded factual allegations, as opposed to conclusory legal allegations, as true and construes them in the light most favorable

---

[2] *Burham v. Humphrey Hospitality Reit Trust, Inc.,* 403 F.3d 709, 713 (10th Cir. 2005).
[3] *Poole v. County of Otero,* 271 F.3d 955, 957 n.2 (10th Cir. 2001).

to the plaintiff.[4]  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations to state a plausible claim to relief.[5]   A claim is plausible when plaintiff pleads sufficient facts to allow the court to reasonably infer the defendant is liable for the alleged misconduct.

Complaints for nondischargeability for fraud under §523(a)(2) also have heightened pleading requirements under Fed R. Bankr. P. 7009.  Alleging fraud with Rule 9's required particularity means (1) identifying who made the misrepresentation; (2) stating the time, place and content of the misrepresentation; and (3) describing how the misrepresentation was communicated and its consequences.[6]

### C. Allegations Required to Support a Claim under either §523(a)(2) or (a)(4)

A discharge is a personal remedy to the individual debtor, and the right to its benefits is based upon the debtor's own acts.[7]  Exceptions to discharge are construed narrowly in deference to the fresh-start policy of the Bankruptcy Code.[8] An exception to discharge under §§523(a)(2) or (a)(4) depends upon the acts of the debtor herself and not upon the alleged harms caused by another, even where the debtor and the third party were in a relationship which may suggest joint civil liability under nonbankruptcy law.[9]

As a general rule, fraud by one spouse is not automatically imputed to the other spouse.[10]

---

[4] *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991).

[5] *Ashcroft v. Iqbal,* – U.S. –, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[6] *Koch v. Koch Industries, Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000).

[7] *In re Scott,* 403 B.R. 25, 34 (Bankr. D. Minn. 2009).

[8] *Grogan v. Garner,* 498 U.S. 279 (1991).

[9] *In re Scott,* 403 B.R. at 34.

[10] *In re Carp,* 340 F.3d 15, 26 (1st Cir. 2003) (30 years of marriage and past joint real estate venture did not establish an agency relationship between a husband and wife).

Fraud may be imputed between spouses based on agency principles when the couple is involved in a business relationship separate from the marital relationship.[11] However, a marital relationship does not create the same legal partnership by which innocent business partners are jointly and severally liable for a culpable partner's fraud.[12]

In order to state a claim under §523(a)(2)(A), the plaintiff must allege the defendant made a false representation or a material omission with an intent to deceive, and the plaintiff justifiably relied upon it to his detriment.[13] A claim under §523(a)(4) requires fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Fiduciary is narrowly defined to except a debt from discharge.[14] An express or technical trust must exist.[15] Embezzlement requires allegations of misappropriation of property of another by a person in whom said property was lawfully entrusted for a specific purpose. Larceny is misappropriation of property of another by theft.

### D. Sufficiency of Plaintiffs' Allegations

Plaintiffs' complaint fails to allege sufficiently facts asserting a §523 objection to dischargeability against Debtor. For their §523(a)(2) claim, Plaintiffs allege Debtor represented

---

[11] *See, e.g., Allison v. Roberts (Matter of Allison),* 960 F.2d 481, 485 (5th Cir. 1992) (marital relationship alone is not enough to impute one spouse's fraud to the other for nondischargeability purposes); *Tsurukawa v. Nikon Precision, Inc. (In re Tsurukawa),* 258 B.R. 192, 198 (B.A.P. 9th Cir. 2001) (marital status alone does not create an agency relationship); *In re Tara of North Hills,* 116 B.R. 455, 462 (E.D.N.C. 1989), *aff'd* 904 F.2d 701 (4th Cir. 1990); *In re Baines,* 337 B.R. 392, 407 (Bankr. D.N.M. 2006); *First USA, Inc. v. Savage (In re Savage),* 176 B.R. 614, 616 (Bankr. M.D. Fla. 1994).

[12] *See, e.g., Strang v. Bradner,* 114 U.S. 555 (1885).

[13] *Field v. Mans,* 516 U.S. 59 (1995). Sec. 523(a)(2)(A) is "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In contrast, §523(a)(2)(B) concerns a statement in writing pertinent to the debtor's financial condition that is materially false. Plaintiffs do not make any allegations regarding a written misrepresentation.

[14] *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1371 (10th Cir. 1996).

[15] *In re Stout,* 123 B.R. 412, 414 (Bankr. W.D. Okla. 1990). A technical trust has (1) an identifiable trust *res*, (2) specific fiduciary duties, and (3) an existence prior to and without reference to the act creating the debt. *KGB Int'l, Inc. v Watford (In re Watford),* 374 B.R. 184, 190 (Bankr. M.D.N.C. 2007).

-5-

11.02.09 Hartwig v Markley Dismiss.wpd

Case 10-06019   Doc# 27   Filed 02/10/11   Page 5 of 8

to Plaintiffs that Success Meals of St. Louis would derive profits of $500,000 per year, and Debtor withheld information regarding Todd Markley's alleged mismanagement of Success Meals of Kansas City. Regarding the promise of profits, §523(a)(2) requires a misrepresentation of existing fact and not merely a promise of future performance.[16] An exception to this rule would require proof the debtor made the promise without an intent to perform.[17] The complaint sets forth no additional facts from which one could infer Debtor knowingly lied about the prospects for her husband's proposed St. Louis venture. Additionally, the complaint sets forth no facts regarding *Debtor's* future performance. The complaint is devoid of any facts as to how Debtor participated in the business at the time of the representation, much less facts describing how Debtor's involvement would ensure its future success. Plaintiffs neither state a cause of action against a wife speaking positively about her husband's business ventures nor allege how they came to justifiably rely on a spouse's representations or omissions when they allege she was not an officer, director, shareholder or employee.

On the other hand, Plaintiffs allege many facts regarding Todd Markley's conduct. Plaintiffs allege Todd Markley mismanaged Success Meals of Kansas City by overpaying his own salary, failing to withhold employment taxes, and failing to pay company bills. Still, the complaint describes no facts or circumstances linking Debtor to these alleged wrongdoings. Plaintiffs fail to allege any facts supporting an inference Debtor had any authority or capacity with any of the companies involved, *de jure* or *de facto*. Pursuant to the complaint, Debtor's sole involvement is that of the spouse of a businessman in a dispute with his business partners.

Likewise, Plaintiffs fail to allege facts which, if proven, could establish a fiduciary status

---

[16] *Williams v. White (In re White),* 412 B.R. 860, 866 (Bankr. W.D. Va. 2009).
[17] *In re Thiele, slip copy,* 2010 WL 1026972, at *4 (Bankr. E.D. Tenn.).

-6-

under §523(a)(4) as to Debtor. As in their first count, Plaintiffs' factual allegations all describe Todd Markley's conduct, not Debtor's. Even as to Todd Markley, there are no allegations of an express or technical trust at the time Plaintiffs invested in Success Meals of St. Louis. The fact Todd Markley was the president and majority shareholder gives inference to a corporate veil piercing cause of action. However, piercing a corporate veil gives rise to a debtor-creditor relationship directly between Todd Markley and the Plaintiffs, not a fiduciary relationship with Debtor for purposes of §523(a)(4).

Additionally, Plaintiffs fail to allege how Success Meals of St. Louis was fraudulent as opposed to a failed investment. Plaintiffs allege Todd Markley incorporated and operated the business for over two years. Plaintiffs then allege Success Meals of St. Louis developed sufficient assets and corporate opportunities to support a claim for their loss. Plaintiffs baldly assert Debtor participated in a conspiracy to steal Success Meals of St. Louis's assets without any facts to suggest her role in such a plot against them. As shareholders, Plaintiffs allege they had more involvement in the company than they are able to allege about Debtor. Reviewed in its entirety, the complaint lacks the factual specificity to show the elements of either 523(a)(2) or (a)(4) are present as to Debtor.

Lastly, Plaintiffs do not and can not allege embezzlement or larceny as to their personal property. The funds Plaintiffs seek to recover and except from discharge were invested in Success Meals of St. Louis in 2005. Those funds became the property of Success Meals of St. Louis. Any misappropriation of corporate funds in 2008 does not give Plaintiffs a personal right of action for either embezzlement or larceny. A cause of action for misappropriation of corporate funds belongs to Success Meals of St. Louis, as the owner of the funds. Plaintiffs do

not allege a derivative suit on behalf of the corporation, just as Plaintiffs fail to allege facts suggesting their personal loss was caused by Debtor's misconduct.

## Conclusion

IT IS ORDERED the Debtor-Defendant's Motion to Dismiss the Complaint is GRANTED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS